*277 The opinion of the court was delivered by
Rogers, J.
The admissibility of the evidence offered by the defendant, and rejected.by the court, depends on the question whether the purchaser of property sold by order of the Orphans’ Court, takes it devested of the lien of a recognisance, taken to secure the distributive shares of heirs and legal representatives.
John Glass died intestate, leaving real estate,and brothers and sisters, his legal heirs. The property was appraised, and taken at the valuation by a brother, Samuel Glass, who entered into a recognisance, &c. with John Gilmore, Esq, his surety. On the .death of Samuel Glass, this property, so taken at the valuation, was sold by order of the Orphans’ Court, for the payment of this, as well as other debts, and John Gilmore became the purchaser.
We shall throw out of view the circumstance of the surety having become the purchaser of the land, as in the absence of fraud, which is not alleged, he clearly had a right to do so to secure himself. We shall also take it for granted that the purchase money was paid over to the administrators, and is now in their hands, or in their power, ready to be applied to the payment of debts according to their legal priority. To which fund, then, are the recognizees bound to look for their money? to the funds in the hands of the administrator, or to the land itself, on the ground of a continuing and subsisting lien, notwithstanding the judicial sale by order of the Orphans’ Court? The argument is, that the lien cannot be devested except by payment of the money. When Samuel Glass took the real estate at' the appraisement, he became a purchaser and owner of the fee simple, upon either paying or securing to be paid, to the other heirs, their respective parts of the value thereof. On confirmation of the sale, the fee simple goes into' the hands of the purchaser,- charged with the payment of the unpaid purchase money.- The recognisance taken to secure the payment of these distributive shares is in the nature of a. judgment or equitable mortgage, as appears by the case of Walton v. Willis, 1 Dall. 265. As respects sales made' by the sheriff it has been already decided that the lien of judgments^, and even legacies charged on lands are devested, that the judgment creditor and legatee must look to the sheriff, as the purchaser is’ not bound to see to the application of the purchase money. These' principles have been recognised by the Supreme Court in The Commonwealth, for the use of Gurney’s Executors, v. Alexander et al.; and also in a case decided at Chambersburg at our last session,which is not yet reported.
' The 21st section of the act of 1794' provides that no lands, tenements, or hereditaments sold by order of the Orphans’ Court, shall be liable, in the hands of the purchaser, for the debts of the intestate. This section has received a judicial construction in- the case of Moliere, Lessee, v. Noe, 4 Dall. 450, in which it was decided, “that a purchaser under a--sale of land, by order of the Orphans’ *278 Court, takes it discharged from the lien of judgments.” The presumption always is, that the Orphans’ Court and the administrator will do their duty, and, in that case, no injury can result to the creditor, as he will be entitled according to legal priority, to the mor ney in the hands of the administrator. A circumstance, which has always weight with the court, is, that official sales can be more easily and advantageously effected, where the property is freed from, liens in the hands of the purchaser, and where he is not bound to look to the application of the purchase money. As the recognisance is in the nature of a judgment, I cannot distinguish this, in principle, from the case of Moliere v. Noe, 4 Dall. 454, since recognised and confirmed in Claris et al. v. Israel, 6 Binn. 391. The only exception from the general principle, appears to be a legal mortgage, which stands on grounds different from other liens. The mortgagee is, strictly speaking, the owner of the land, and may recover it in ejectment. The mortgagor has nothing more than an equity of redemption, and the Orphans’ Court have no power to sell a greater estate than he is possessed of. In the fourteenth section of the act which prescribes the order of paying debts, there is no mention made of mortgages, which goes to show that mortgages were not in the contemplation of the legislature at the passage of the act. 4 Dall. 450.
As, then, there is no difference, in principle, between judgments and recognisances, it is the opinion of the court that a purchaser of lands sold by order of the Orphans’ Court, holds it discharged of the lien of recognisances as well as judgments. It follows from this, that the District Court erred in rejecting the defendants’ testimony, and that the judgment must for this reason be reversed, and a venire facias ele novo awarded.
Judgment reversed, and a venire facias ele novo awarded.-